UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-00732-JLS-AS                                    Date: March 12, 2026
Title:  Netflix CPX, LLC et al v. Thunder Child, LLC

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Kelly Davis  |  N/A  |
| :---: | :---: |
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendant:

Not Present                                                  Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER TO SHOW CAUSE RE SUPPLEMENTAL JURISDICTION**

On January 23, 2026, Plaintiffs Netflix CPX, LLC and Netflix Studios, LLC filed a complaint bringing claims against Defendant Thunder Child for Breach of Contract, Accounts Stated, Conversion, Money Had and Received, and Trademark Infringement. (Compl., Doc. 1.)

It is "elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).  Plaintiff invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331 for its Trademark Infringement claim, brought pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq.*.  (Compl. at 2.)  For the remaining four claims, which arise under state law, Plaintiff invokes supplemental jurisdiction under 28 U.S.C. § 1367.

In an action over which a district court possesses original jurisdiction, that court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

---

**CIVIL MINUTES – GENERAL**                                                                 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-00732-JLS-AS                          Date: March 12, 2026
Title:  Netflix CPX, LLC et al v. Thunder Child, LLC

"Nonfederal claims are part of the same case as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Trustees of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (internal quotation marks omitted); *see also Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) ("A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together.").  And even if supplemental jurisdiction exists, district courts have discretion to decline to exercise supplemental jurisdiction when the nonfederal claim "substantially predominates over the claim or claims over which the district court has original jurisdiction."  28 U.S.C. § 1367(c).

Having reviewed the Complaint, Plaintiffs' federal claim arises out of Defendant's alleged ongoing infringing use of BRIDGERTON and STRANGER THINGS marks following Plaintiffs' revocation of its license to do so.  (Compl. ¶¶ 58–60.)  By contrast, Plaintiffs' state law claims stem from breach of an agreement "to provide staffing, permitting, and operation support services to manage and operate Squid Game: The Trials Experience."  (Compl. ¶ 8.)  It appears to the Court that these claims arise out of separate transactions and therefore it questions whether they would ordinarily be tried in a single proceeding.  And, additionally, the state law claims regarding breach of the Squid Game agreement appear to substantially predominate over the trademark claims.

Accordingly, Plaintiff is ORDERED to show cause, in writing, no later than **ten (10) days** from the date of this Order, why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

Initials of Deputy Clerk: kd